PATRICIA RIVET MURRAY, Judge.
11 Defendant, the Medical Center of Louisiana in New Orleans [hereinafter “the Medical Center”], appeals the judgment of *717 the Office of Workers’ Compensation in favor of plaintiff, Melanie Williams. For the reasons that follow, we affirm.
On January 5, 1997, Ms. Williams, an employee of the Medical Center, fell down a flight of stairs and was injured while in the course and scope of her employment. She was initially treated by orthopedist Dr. James Butler for back and hip pain. On December 10, 1998, Dr. Butler performed a lumbar laminectomy on Ms. Williams. She continued to have pain after the surgery. In May, 2000, Dr. Butler referred Ms. Williams to a neurosurgeon, Dr. Kenneth Vogel. Dr. Vogel evaluated her on July 12, 2000, at which time Ms. Williams was complaining of back, leg, neck and head pain. Dr. Vogel treated her conservatively for approximately two years. He ordered a cervical MRI, which was negative. On her last visit to him in 2002, Dr. Vogel recommended that Ms. Williams undergo a cervical arthrogram to determine if she was a candidate for a cervical neurotomy. ^However, approximately one year prior to trial, Ms. Williams stopped seeing Dr. Vogel because of her employer’s refusal to authorize further treatment.
The case was tried by the Office of Workers’ Compensation on October 6, 2004. The trial court rendered judgment January 26, 2005, holding that Ms. Williams was entitled to payment by her employer for her treatment by Dr. Vogel. The Medical Center filed the instant appeal. The sole issue on appeal is whether the trial court erred by finding that Ms. Williams’ cervical complaints were related to the January 5,1997 accident.
Findings of fact made by a hearing officer in a workers’ compensation court are reviewed according to the manifest error standard. Johnson v. Cox Communications, 2003-0060, p. 13 (La-App. 4 Cir. 5/14/03), 848 So.2d 48, 55-56. Under that standard, the appellate court must determine not whether the fact finder’s conclusion was right or wrong, but whether it was reasonable. When there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review.2003-0060 at p. 13, 848 So.2d at 56 (citing Jackson v. Quikrete Products, Inc., 2001-1181 (La.App. 4 Cir. 4/17/02), 816 So.2d 338).
The claimant’s testimony alone may be sufficient to prove that he sustained a work-related injury, provided that no other evidence discredits or casts serious doubt upon his version of the incident, and his testimony is corroborated by the circumstances following the incident. Jackson v. Quikrete, supra, at pp. 2-3, 816 So.2d at 341.
| sIn the instant case, there is no dispute that Ms. Williams sustained a work-related injury to her back when she fell down the stairs. The employer has been paying temporary total disability benefits to Ms. Williams since the accident and has paid medical benefits for treatment of her back problem. Rather, the issue is the reasonableness of the hearing officer’s determination that Ms. Williams also injured her neck in the accident. The evidence introduced at trial consisted of Ms. Williams’s testimony, the testimony of the employer’s workers’ compensation claims manager, the depositions of Dr. Butler and Dr. Vogel, and Ms. Williams’s medical records.
Ms. Williams testified that on January 5, 1997, she was working as a hospital clerk at Charity Hospital. She was ascending a flight of stairs leading from the basement where she had gone to retrieve some records when she slipped on an unknown substance near the top of the stairs, grabbed a railing that was unstable, and *718 fell backward down the flight of stairs to the bottom. She testified that she fell on her right hip and elbow, and also hit the wall going down. Ms. Williams stated that after the accident, her entire body ached. She was initially treated by Charity Hospital emergency room physicians, which determined she had bursitis of the hip and a sprained ankle. She was then seen by Dr. James Butler, an orthopedist. Ms. Williams testified that she told Dr. Butler she had pain in her neck, back, right hip and right leg. She stated that Dr. Butler treated her back because he believed all her other problems stemmed from her back. Following an MRI which showed a herniated disk in her back. Dr. Butler performed a |4laminectoiny on Ms. Williams in 1998, but the surgery did not give her any significant relief from her pain. Ms. Williams also underwent pain management and physical therapy while being treated by Dr. Butler. On May 22, 2000, Dr. Butler determined there was nothing further he could do for Ms. Williams and referred her to a neurosurgeon, Dr. Kenneth Vogel. Ms. Williams testified that she saw Dr. Vogel until about a year prior to trial, when she discontinued treatment because her employer had failed to approve it. Ms. Williams stated that she was still in significant pain at the time of trial, and that she had not returned to work. She stated that she had never had neck pain prior to her accident.
Dr. Vogel initially examined Ms. Williams on July 12, 2000. She complained of neck, back and leg pain since the accident. He ordered a cervical MRI, which was negative. He continued to treat her with prescription medication for several years. In May of 2002, he noted she had neck spasms. Ms. Williams related to him an incident in 2002 where her right leg had become numb and “given way;” she said her neck pain had worsened after this incident. Dr. Vogel related this incident to Ms. Wiliams’ accident, opining that patients who have had similar back surgery often complain that their leg gives way. Dr. Vogel recommended that Ms. Williams undergo a cervical arthrogram to determine whether she would be a candidate for a cervical neurotomy. In his deposition, he opined that the arthrogram was medically necessary. He also opined, based on Ms. Williams’ history, that her neck problems were related to the January 5, 1997 |fiaccident. He admitted that he did not review Dr. Butler’s records and said he would defer to Dr. Butler regarding Ms. Williams’ back problems.
Dr. Butler’s records contain no mention of Ms. Williams’s having complained of neck pain. He testified in his deposition that she did not relate any complaints about her neck after the accident. He therefore opined that her cervical pain was not related to the 1997 accident. He stated that his opinion was not changed by the fact that the February 1999 notes of the physical therapist treating Ms. Williams listed cervical pain as one of her symptoms.
Ms. Renee Moses, the workers’ compensation claims adjuster who handled Ms. Williams’s claim, stated she received the claim in 1998 and had never examined any medical records prior to Ms. Williams’s treatment by Dr. Butler. She stated that the employer did not dispute that the claimant’s hip and leg injuries as treated by Dr. Butler were related to the accident. However, after approving the initial evaluation by Dr. Vogel, Ms. Moses refused to approve any further testing or treatment by him because Dr. Butler, the initial treating physician, did not believe the claimant’s neck complaints were related to the accident. Ms. Moses stated she had no documentation of Ms. Williams’s having had any cervical complaints until her first visit to Dr. Vogel.
*719 Based on this evidence, the trial court determined that Ms. Williams’ cervical pain was related to her 1997 accident, and that she was entitled to medical benefits including testing and treatment by Dr. Vogel. On appeal, the Medical Center argues this finding is manifestly erroneous because the absence of any |fimention of neck pain from Dr. Butler’s records refutes Ms. Williams’s testimony that she has had neck pain since the accident. The Medical Center also argues that Dr. Vo-gel’s opinion is not reliable because he based it mainly on the prior history related to him by Ms. Williams, without considering the records of Dr. Butler. Appellant cites the case of Johnson v. Cox Communications, supra, 848 So.2d 48, in which this court reversed the finding of the workers’ compensation court that the claimant’s back injury was caused by his work-related accident in falling off a ladder. However, we find Johnson to be distinguishable from the instant case because none of the physicians involved in Johnson related the claimant’s back problems (as opposed to his neck and shoulder problems) to his fall. In the instant case, Dr. Vogel opined that Ms. Williams’ cervical complaints are related to her 1997 accident.
The Louisiana Supreme Court has held that a causal relationship between a work-related accident and a disability can be established, creating a presumption that the accident caused the disability, when the employee shows that before the accident he or she was in good health, and commencing with the accident the disabling symptoms appeared and continuously manifested themselves thereafter, provided there is sufficient medical evidence to show a reasonable possibility of a causal connection between the accident and the disabling condition. Quinones v. U.S. Fidelity and Guar. Co., 1993-1648 (La.1/14/94), 630 So.2d 1303, 1307.
In the instant case, we find no manifest error in the trial court’s judgment, which is based upon the credibility of Ms. Williams and the medical opinion of Dr. |7Vogel. There is no evidence that Ms. Williams ever had any neck problems before her work-related accident. Moreover, the workers’ compensation claims adjuster admitted that she had no medical evidence, other than the absence of neck complaints from Dr. Butler’s records, to counter Dr. Vogel’s opinion that the claimant’s cervical problems were related to her accident. Under the circumstances, we cannot say it was unreasonable for the workers’ compensation court to find that the cervical complaints were causally related to the accident, therefore entitling Ms. Williams to medical benefits.
Accordingly, for the reasons stated, we affirm the judgment of the Office of Workers’ Compensation.
AFFIRMED.